IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE C. WASHINGTON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PAUL COPENHAVER, Warden, ) <br> Federal Corrections Institution, ) <br> Dublin, THE BUREAU OF ) <br> PRISONS, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | No. C 09-0838 MMC (PR) <br><br> **ORDER OF DISMISSAL; GRANTING MOTIONS TO AMEND TO ADD SUPPLEMENTAL PLEADINGS** <br><br> **(Docket Nos. 3 & 4)** |

On February 26, 2009, petitioner, a federal prisoner currently incarcerated at the Federal Corrections Institution ("FCI"), Dublin, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] She has paid the filing fee. Petitioner challenges the decision by the FCI Warden, as upheld by the Regional Director of the Bureau of Prisons ("BOP"), to deny petitioner's transfer to a Residential Reentry Center ("RRC") until such time as only six months of her sentence remain. Specifically, petitioner claims that under applicable BOP regulations respondents should exercise their discretion to transfer her to an RRC for a period beginning twelve months before the expiration of her sentence.

---

[1] As petitioner is incarcerated within the Northern District of California and her petition challenges the execution of her federal sentence, venue is proper in this district. See Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989).

United States District Court
For the Northern District of California

The petition is subject to dismissal for failure to exhaust administrative remedies. Although § 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus, see Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241," id.

The BOP has established procedures by which inmates can seek review of "an issue relating to any aspect" of an inmate's confinement. 28 C.F.R. § 542.10. The procedures apply to all inmates in programs operated by the BOP. Id. The first level of review is at the institutional level. Id. § 542.13. An inmate who is not satisfied with the Warden's response at the institutional level may then submit an appeal to the Regional Director. Id. § 542.15. Finally, an inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel of the BOP. Id.

When petitioner filed the instant action, she stated she was in the process of exhausting her administrative appeals remedies. Specifically, she stated she had received a response from the Warden with respect to her request for early transfer to an RRC, and had submitted an appeal of that decision to the Regional Director. Subsequently, on March 2, 2009, petitioner filed an amendment to the petition,[2] stating she had received a denial of her appeal from the Regional Director and had submitted an appeal to the General Counsel.

Despite the fact that petitioner's administrative appeal still is pending with the General Counsel, she claims she has exhausted her administrative remedies and, therefore, the Court should review the merits of her petition. As is clear from the procedures outlined above, however, the administrative appeals process is not completed until petitioner has received a response from the General Counsel. Accordingly, the Court finds petitioner has not exhausted her administrative remedies.

---

[2] Petitioner's motions to amend her petition to include a copy of the Regional Director's decision and to allege exhaustion as a result thereof are hereby GRANTED. (Docket Nos. 3 & 4.)

2

In limited circumstances, because it is not a jurisdictional prerequisite, the exhaustion requirement may be waived. See Castro-Cortez, 239 F.3d at 1047; Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances under which waiver of exhaustion requirement may be appropriate). Here, petitioner argues, the Court should waive the exhaustion requirement and rule on the merits of her petition because requiring her to wait for an answer from the General Counsel will essentially render her claim moot, given the short amount of time remaining on her sentence. According to the documents petitioner has attached to her petition, petitioner began serving her 125-month sentence on May 2, 2002, and her projected release date from prison is August 9, 2010. Thus, if petitioner prevails on her claim that she should be transferred to an RRC twelve months before her projected release date, she will be entitled to be transferred to an RRC no earlier than August 9, 2009. Based on such facts, petitioner's argument that she cannot afford to wait for a decision from the General Counsel before proceeding in federal court is not persuasive, as she has not shown there is insufficient time for her to complete the administrative appeals process on or by August 9, 2009, the earliest date she claims she can be transferred to an RRC. Consequently, petitioner's assertion that the administrative appeals process will take too long is not a sufficient basis to waive the exhaustion requirement.

For the foregoing reasons, the Court finds petitioner has not exhausted her administrative remedies and that she is not entitled to waiver of the exhaustion requirement. Accordingly, the petition for a writ of habeas corpus under § 2241 is hereby DISMISSED without prejudice to petitioner's filing a new habeas corpus action after exhausting the BOP's administrative appeals process.

This order terminates Docket Nos. 3 and 4.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: March 13, 2009

MAXINE M. CHESNEY
United States District Judge